UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC REDDICK,

      Petitioner,

vs.                                         Case No. 6:07-cv-1176-Orl-19DAB

V.C.B.J.,

      Respondent.

_____

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed July 16, 2007) alleging various violations of his constitutional rights.  Petitioner states that he pled nolo contendere to possession of cocaine and was convicted and sentenced on July 10, 2007.[1]  Despite the fact that the time for doing so has not yet expired, *see* Fla. R. App. P. 9.140(b)(3), Petitioner has not filed a direct appeal of his conviction or sentence.

Considerations of comity dictate that state courts have the first opportunity to review and correct alleged errors of their own courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In order to afford the state court such opportunity, a prisoner must exhaust his state court remedies before filing a habeas petition in federal court.  28 U.S.C. § 2254(b)[2]; *see Duncan v. Walker*, 533 U.S. 167, 178-

_____

[1]He was sentenced to a 180 day period of confinement in the county jail.

[2]The statute provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>     (A)    the applicant has exhausted the remedies available in the courts of the State; or

79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.").

Because the instant petition presents claims that have not been fully and properly exhausted, the Court will dismiss this action without prejudice to give Petitioner the opportunity to complete the exhaustion requirements in the state courts. The Court notes, however, that the dismissal without prejudice with regard to exhaustion does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d).

Accordingly, it is now **ORDERED**:

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    All pending motions are **DENIED** as moot.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Orlando,

Florida, this __22nd__ day of July, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

    (B)   (i)    there is an absence of available State corrective process; or

          (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Copies to:
sa 7/22
Eric Reddick